**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO:

JOSHUA WINDHEIM, individually,
and on behalf of all others
similarly situated,

      Plaintiffs,

vs.

TIPSY JOE CORP. d/b/a
THE TIPSY BOAR GASTROPUB,
LUISA F. CASTELLANOS, individually,
and JOSE CASTELLANOS, individually,

      Defendants.

_____/

## <u>CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>

Plaintiff, JOSHUA WINDHEIM ("Plaintiff"), on behalf of himself and others similarly situated, files this Class Action Complaint for Damages and Demand for Jury Trial against Defendants, TIPSY JOE CORP. d/b/a THE TIPSY BOAR GASTROPUB ("TIPSY BOAR"), LUISA F. CASTELLANOS ("L. CASTELLANOS"), individually, and JOSE CASTELLANOS ("J. CASTELLANOS") individually, (TIPSY BOAR, L. CASTELLANOS, and J. CASTELLANOS, collectively referred to herein after as "Defendants") for failure to pay federal minimum and overtime wages and Florida minimum wages for certain hours worked to himself and all Restaurant Servers (hereinafter "Servers") who worked for Tipsy Boar Gastropub in Hollywood, Florida, pursuant to 29 U.S.C. § 216(b), F.S. § 448.110, and Fla. Const. Art. X, §24, and in support states as follows:

## INTRODUCTION

1.      Wage theft in the United States has become rampant in recent years. Not even a global pandemic can deter employers from pilfering wages from their hard-working employees. Workers across the State of Florida are entitled to a minimum wage that provides a fulfilling life, protects employees from unfair wage competition, and does not force them to rely upon taxpayer-funded public services to avoid economic hardship. *See* Fla. Const. Art X §24(a).  Since 2004, the Florida legislature has mandated that all employers shall pay employees wages no less than the minimum wage for all hours worked throughout the State of Florida.  *See* Fla. Const. Art. X §24(c). These requirements extend to the restaurant industry and while Florida law allows employers operating in the restaurant industry to take a tip credit toward the applicable Florida minimum wage for customarily tipped employees the employer is nevertheless required to comply with strict requirements concerning the payment of a reduced wage. This class action lawsuit seeks to cure Defendants' blatant and egregious minimum wage violations on behalf of all Servers who worked for Defendants at The Tipsy Boar Gastropub within the past five (5) years in Hollywood, Florida. Defendants have failed to appropriately compensate Servers in accordance with the federal minimum wage laws, federal overtime laws, and Florida minimum wage laws. In short, Defendants have taken advantage of their hard-working employees. Plaintiff seeks to stop Defendants from engaging in this unlawful conduct and to vindicate his rights along with the rights of all similarly situated Servers who were employed by Defendants within the past 5 years.

## PARTIES

2.      Plaintiff and the Class Members are/were Servers who worked for Defendants within the last five (5) years at Tipsy Boar Gastropub located in Broward County, Florida.

3.     Plaintiff and the Class Members were paid less than the applicable Florida minimum wage by Defendant for certain hours worked in one or more workweeks.

4.     Plaintiff worked for Defendants as a Server from on or about July 19, 2021, through on or about October 10, 2021.

5.     The proposed Class Members worked for Defendants as Servers in the same or identical capacity as Plaintiff within the past 5 years.

6.     Plaintiff and the proposed Class Members were subjected to similar violations of the Florida Constitution and F.S. § 448.110.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following three (3) classes for failure to pay Florida's mandated minimum wages pursuant to the Florida Minimum Wage Act ("FMWA") and Fla. Const. Art. X Section 24:

**Tip Credit Class:**                   **All Servers who worked for Defendants at Tipsy Boar Gastropub in     Hollywood, Florida during the five (5) years preceding this lawsuit, who were not paid the applicable reduced wage for all hours worked pursuant to Fla. Const. Art. X 24(c) and/or F.S. 448.110.**

**Off-the-Clock Class:**                   **All Servers who worked for Defendants at Tipsy Boar Gastropub in Hollywood, Florida during the five (5) years preceding this lawsuit, who were required to perform any work off-the-clock before or after their shift and who were not paid the full applicable Florida Minimum Wage for this time pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

**80/20 Class:**                   **All Servers who worked for Defendants at Tipsy Boar Gastropub in Hollywood, Florida during the five (5) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable Florida**

**Minimum Wage for this time pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

7.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of class members for each proposed class exceeds 50 Servers.

8.     Defendant, L. CASTELLANOS, is a resident of Broward County, Florida, and is subject to the jurisdiction of this Honorable Court.

9.     Defendant, J. CASTELLANOS, is a resident of Broward County, Florida, and is subject to the jurisdiction of this Honorable Court.

10.     Defendant, TIPSY BOAR's principal address is 1906 Harrison Street Hollywood, Florida 33020, within the jurisdiction of this Honorable Court.

## JURISDICTION & VENUE

11.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, and the FMWA to recover damages from Defendants and reasonable attorney's fees and costs. The relief sought under Florida law in this action is intended to include each and every Server who worked for Defendants at any time within the past five (5) years at The Tipsy Boar Gastropub in Hollywood, Florida.

12.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

13.     All acts and omissions giving rise to Plaintiff's claim took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

14.     This Court has jurisdiction and venue over this Class Action Complaint, as Defendants' principal address is in Broward County, Florida, where the subject restaurant operates.

## FLSA COVERAGE

15.     Defendant, TIPSY BOAR, is an enterprise covered by the Fair Labor Standards Act ("FLSA"), Florida Constitution, and F.S. 448, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. JOSDefendant, TIPSY BOAR, had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16.     Defendant, TIPSY BOAR's employees handled goods such as napkins, silverware, appliances, liquor, beer, food items, credit cards, debit cards, restaurant equipment, pens, chairs, tables, vacuum cleaners, steaks, seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through commerce.

17.     At all material times (during the last five years), Defendant, TIPSY BOAR, had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

## GENERAL FACTUAL ALLEGATIONS

18.     Defendants are in the business of providing food and drink to the general public. The following is a true and accurate photo of the interior of The Tipsy Boar Gastropub located in Hollywood, Florida:



19.     Defendants employed Plaintiff and the Class Members as "Servers" at The Tipsy Boar Gastropub within the past five (5) years.

20.     Plaintiff and Class Members were non-exempt employees of Defendants.

21.     Plaintiff and Class Members' job duties consisted of serving patrons and customers in designated areas which required little to no special or advanced skill.

22.     The work performed by Plaintiff and Class Members was an integral part of the business for Defendants.

23.     Defendants controlled and/or remained responsible for the work of Plaintiff and the Class Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Florida law.

24.     Defendants had the power to hire and fire Plaintiff and the Class Members.

25.     Defendants enforce the uniform requirements at the subject restaurant and require Plaintiff and Class Members to purchase and wear certain clothing and uniforms.

26.     Defendants controlled Plaintiff and Class Members' work schedules.

27.     Defendants scheduled Plaintiff and other Class Members to certain shifts.

28.     Defendants required Plaintiff and other Class Members to work a certain number of days during the week.

29.     Defendants required Plaintiff and other Class Members to work on specific days of the week.

30.     Defendants provided training, if needed, that taught the Servers what they needed to know in order to work at the restaurant.

31.     Defendants determined the rate and the method of payment of all Servers including Plaintiff.

32.     Defendants established and enforced the tip pool policies in the restaurant.

33.     Defendants required Plaintiff and all other Servers to contribute certain percentages of the tips they received to a tip pool each shift.

34.     Plaintiff and Class Members worked without being paid the full federal or Florida minimum wage for certain hours worked.

35.     Plaintiff and all other similarly situated Servers would typically be required to spend more than 20% of their shifts performing non-tipped duties and tasks incidental to their tipped duties and tasks.

36.     At the start of a shift this work included slicing lemons, making coffee, rolling silverware, cleaning drink stations, setting tables, setting chairs, and other activities that are considered "non-tipped" duties and responsibilities that are merely incidental to the Server's primary duties. At a minimum, the opening responsibilities took thirty (30) minutes to perform but could take as much as one (1) hour.

37.     At the end of a shift, Plaintiff and putative Class Members were required to participate in "closing" the restaurant by breaking down and moving tables and chairs, replacing

7

items in the dining area, cleaning the floors and tables, and other "non-tipped" duties and responsibilities that are merely incident to the Server's primary duties. At a minimum, the closing responsibilities took thirty (30) minutes to perform but could take as much as two (2) hours on some evenings depending on the volume of business that particular day.

38.     Defendants failed to keep accurate time and pay records for Plaintiff and Class Members to designate how much time was spent performing "non-tipped" work.

39.     Plaintiff is entitled to receive the full federal minimum wage for hours spent each shift performing "non-tipped" incidental duties, as opposed to the "reduced wage" they received when performing these incidental duties.

40.     Plaintiff and putative Class Members are entitled to receive the full Florida minimum wage for hours spent each shift performing "non-tipped" incidental duties, as opposed to the "reduced wage" they received when performing these incidental duties.

41.     Plaintiff and Class Members are entitled to receive the full federal and/or full Florida Minimum Wage for "incidental" tasks and duties performed because these tasks and duties exceeded 20% of the total time worked on a particular shift.

42.     During the relevant time period Plaintiff and Class Members worked as Servers the Defendants attempted to take a tip credit toward the requisite federal and Florida Minimum Wages but failed to pay Plaintiff and class members at or above the reduced wage requirement.

43.     During the relevant time period Plaintiff and Class Members worked as Servers the Defendants required Plaintiff and Class Members to perform work off-the-clock either before and/or after a shift but did not properly compensate Plaintiff and Class Members the applicable federal and/or Florida minimum wages for performing this work. Defendants did not compensate Plaintiff and Class Members at all for this off-the-clock work.

44.     As a result of these widespread violations, Plaintiff did not receive the applicable federal minimum wage in one or more workweeks within the past three (3) years.

45.     As a result of these widespread violations, Plaintiff and members of the putative classes regularly worked hours for which they did not receive the applicable Florida minimum wage in one or more workweeks within the past five (5) years.

46.     Defendants maintained *some* records regarding the time Plaintiff and Class Members worked but failed to adequately maintain a full and complete account of all hours worked by the Servers.

47.     Defendants violated the terms of the FLSA by not paying Plaintiff at least federal minimum wages for all hours worked.

48.     Defendants violated the terms of the Florida Constitution's provision on minimum wages by not paying Plaintiff and putative class members, at least Florida's applicable minimum wage for all hours worked.

49.     Plaintiff is entitled to receive at least federal minimum wages for each hour worked.

50.     Plaintiff and Class Members are entitled to receive at least Florida's minimum wage for each hour worked.

51.     The State of Florida allows employers to take a $3.02 tip credit toward the applicable Florida minimum wage for customarily tipped employees.

52.     Defendants failed to notify Plaintiff that they would be taking a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff during his employment in 2021.

53.     Defendants failed to actually compensate Plaintiff and other Servers the applicable reduced wage in one or more workweeks in order to properly take a tip credit under Florida law.

54.     In 2017, the Florida Minimum Wage was $8.10 per hour.

9

55.     In 2017, the applicable reduced wage for tipped employees in Florida was $5.08 per hour.

56.     In 2018, the Florida Minimum Wage was $8.25 per hour.

57.     In 2018, the applicable reduced wage for tipped employees in Florida was $5.23 per hour.

58.     In 2019, the Florida Minimum Wage was $8.46 per hour.

59.     In 2019, the applicable reduced wage for tipped employees in Florida was $5.44 per hour.

60.     In 2020, the Florida Minimum Wage was $8.56 per hour.

61.     In 2020, the applicable reduced wage for tipped employees in Florida was $5.54 per hour.

62.     From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

63.     From January 1, 2021, through September 30, 2021, the reduced wage for tipped employees in Florida was $5.63 per hour.

64.     From October 1, 2021, through the present the Florida Minimum Wage is $10.00 per hour.

65.     From October 1, 2021, through the present, the reduced wage for tipped employees in Florida is $6.98 per hour.

66.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for hours worked in each of the preceding five (5) years.

67.     The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and Class Members are in the possession, custody, and control of Defendants.

68.     Defendants violated the FLSA by not paying Plaintiff and the putative class members, at least federal minimum wage for certain hours worked.

69.     Defendants violated the FMWA by not paying Plaintiff and the putative class members, at least Florida minimum wage for certain hours worked.

70.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived, by sending Defendants a pre-suit minimum wage demand letter required by Florida law.

71.     More than fifteen (15) days have passed since Defendants received such written pre-suit notice alleged above, and Defendants have failed to tender full payment to compensate Plaintiff and Class Members for the minimum wages owed.

72.     Defendants were aware of the requirements of the FLSA and the FMWA, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

73.     The applicable statute of limitations under the Florida Constitution and FMWA is therefore 5 years as opposed to 4 years.

## INDIVIDUAL EMPLOYER LIABILITY

74.     During all times material hereto, Defendant, L. CASTELLANOS, was over the age of 18 years, an officer, owner, and/or managing member of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, TIPSY BOAR, during the relevant time period.

75.     During the relevant time period, Defendant, L. CASTELLANOS, was Plaintiff's employer and was the employer of similarly situated individuals as that term is defined by applicable law.

76.     During all times material hereto, Defendant, J. CASTELLANOS, was over the age of 18 years, an officer, owner, and/or managing member of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, TIPSY BOAR, during the relevant time period.

77.     During the relevant time period, Defendant, J. CASTELLANOS, was Plaintiff's employer and was the employer of similarly situated individuals as that term is defined by applicable law.

## CLASS ALLEGATIONS

78.     Class members are treated equally and similarly by Defendants, in that they were commonly mistreated by Defendants as they were not paid full and proper Florida minimum wages for all hours worked.

79.     On information and belief, Defendants employed in excess of 50 class members who were not paid Florida's minimum wage for certain hours worked within the past five (5) years.

80.     Defendants failed to pay Plaintiff and class members at least the reduced wage for each hour they worked and failed to pay Plaintiff and class members the full Florida minimum wage for other hours worked.

81.     Plaintiff and class members worked at the same restaurant location in Hollywood, Florida.

82.     Plaintiff and class members performed the same job duties as Servers and were paid in an identical manner by Defendants based on Defendants treating the Servers as tipped employees but not compensating them in accordance with Florida law.

83.     Plaintiff and class members were not paid proper Florida minimum wages for all hours worked.

84.     Plaintiff and class members were not paid the proper reduced wage for tipped employees for all hours worked.

85.     Defendants failed to keep accurate time and pay records for Plaintiff and all class members.

86.     Defendants were aware of the requirements of Fla. Const. Art. X, §24 yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

87.     Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay reasonable attorney's fees and costs if she prevails.

88.     The claims alleged under the Florida Constitution may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

89.     The number of individuals in the class is so numerous that joinder of all members is impracticable.  The exact number of members of each class can be determined by reviewing Defendants' records.  Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 50 Servers.

90.     Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

91.     Plaintiff has no interests that are contrary to or in conflict with the members of the class.

92.     A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein.  The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

93.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the Florida Constitution.

94.     Even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

95.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.  The questions of law and fact common to the class predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a)      Whether Defendants employed Servers within meaning of the law;

b)      Whether Defendants uniformly, willfully, and wrongfully failed to pay Servers the Florida minimum wage for all hours worked;

c)      What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

d)      Whether Defendants' failure to compensate Plaintiff and the class members at the applicable Florida minimum wage was willful, intentional, or done with reckless disregard.

96.      The relief sought is common to the entire class including:

a)      Payment by Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

b)      Payment by Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

c)      Payment by Defendants for damages related to unjust enrichment; and

d)      Payment by Defendants of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

97.      Plaintiff's claims are typical of the claims of members of the class.

98.      Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendants in violation of the Florida Constitution.

99.      Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

100.      As a result of Defendants' intentional and willful failure to comply with the FLSA and the FMWA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS
## (OFF-THE-CLOCK WORK)

101.      Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 100 as though set forth fully herein.

102.    Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked off-the-clock during his employment with Defendants.

103.    Defendants knew Plaintiff performed work off-the-clock but willfully failed to pay Plaintiff full federal minimum wage contrary to the FLSA.

104.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendants.

105.    Defendants' willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

106.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, TIPSY JOE CORP., LUISA F. CASTELLANOS, and JOSE CASTELLANOS, and award Plaintiff: (a) unliquidated federal minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 CLAIM)

107.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 100 as though set forth fully herein.

108.    Plaintiff was entitled to be paid full federal minimum wage for certain hours worked during his employment with Defendants.

109.    Plaintiff seeks recovery of federal minimum wages under 29 U.S.C. § 216(b) for himself for Defendants' failure to pay federally mandated minimum wages in one or more workweeks.

110.    Throughout his employment, Plaintiff was required to spend in excess of 20% of his work shifts performing non-tipped duties. This work included slicing lemons, making coffee, rolling silverware, setting tables, setting chairs, and other activities that are considered "non-tipped" duties and responsibilities that are merely incidental to Plaintiff's primary duties. At a minimum, the opening duties took thirty (30) minutes to perform but could take as much as one (1) hour.

111.    At the end of a shift, Plaintiff and the class members were required to participate in "closing" the restaurant by breaking down and moving tables and chairs, replacing the linens in the dining room, cleaning the floors and tables, and other "non-tipped" duties and responsibilities that are merely incident to the Server's primary duties.  At a minimum, the closing responsibilities took thirty (30) minutes to perform but could take as much as two (2) hours on some evenings depending on the volume of business that particular day.

112.    Because Plaintiff was regularly required to spend *more than* 20% of a shift performing the aforementioned "non-tipped" duties and responsibilities he is entitled to recover the full federal minimum wage for time spent performing that work.

113.    As a result, Plaintiff is entitled to receive the full federal minimum wage for time spent performing "non-tipped" incidental duties, as opposed to a reduced wage received when performing these incidental duties.

114.    Defendants willfully failed to pay Plaintiff the full federal minimum wage for one or more weeks of work contrary to the FLSA.

115.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during the employment with Defendants.

116.     Defendants' willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

117.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, TIPSY JOE CORP., LUISA F. CASTELLANOS, and JOSE CASTELLANOS, and award Plaintiff: (a) unliquidated federal minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**COUNT III – RULE 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS (TIP CREDIT CLASS)**

118.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 100 as though set forth fully herein.

119.     Defendants violated the terms of F.S. § 448.110 and the Florida Constitution's provision on minimum wages by attempting to take a tip credit and then failing to compensate Plaintiff and putative class members the appropriate reduced wage for certain hours worked in one or more workweeks within the past 5 years.

120.    Defendants therefore forfeit any tip credit under Florida law and owe each Server *at least* $3.02 for each hour of work they performed within the past 5 years in time periods in which Defendants failed to comply with the reduced wage requirements.

121.    On January 20, 2022, Plaintiff served Defendants with a Notice pursuant to Fla. Stat. § 448.110, on behalf of himself, and a class of all those similarly situated to Plaintiff.

122.    On February 4, 2022, Defendants attempted to tender Plaintiff payment only for Plaintiff's individual recovery instead of the class action claims that have been asserted on behalf of the Tip Credit Class (and were asserted and specifically demanded in the pre-suit Notice served on Defendants).

123.    Plaintiff rejected the tender made by Defendants on February 5, 2022, prior to the filing of this lawsuit, because it did not fully compensate the class claims demanded and did not "otherwise resolve the claim to the satisfaction" of Plaintiff. *See* Fla. Stat. § 448.110(6).[1]

124.    More than 15 days have elapsed since Plaintiff's service of his Notice on Defendants, and Defendants have failed to tender **full payment** to Plaintiffs.

125.    Plaintiff and the class members are entitled to receive at least Florida's minimum wage for certain hours worked.

126.    In 2017, the Florida Minimum Wage was $8.10 per hour.

127.    In 2018, the Florida Minimum Wage was $8.25 per hour.

128.    In 2019, the Florida Minimum Wage was $8.46 per hour.

---

[1] A defendant's tender of payment to an individual plaintiff in a Florida unpaid wage claim **does not** moot a class claim asserted in a demand letter pursuant to F.S. § 448.110(6). *See* Griffith v. Landry's, Inc., 2017 WL 11002194 (M.D. Fla. 2017). This is because Florida law expressly recognizes a plaintiff's right to pursue a claim as an individual or as a class action under the FMWA. *Id. citing* Fla. Stat. § 448.110(9); *see, also,* Ayala v. Nissan North America, Inc., 2021 WL 2253608 (M.D. Fla. June 3, 2021) ("[A]ny tender of unpaid wages to Plaintiff individually will not moot the class claims") *citing* Griffith, 2017 WL 11002194.

129.    In 2020, the Florida Minimum Wage was $8.56 per hour.

130.    From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

131.    From October 1, 2021, through the present the Florida Minimum Wage is $10.00 per hour.

132.    Plaintiff and the proposed Tip Credit Class members were subjected to similar violations of the FMWA and Florida Constitution.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **All Servers who worked for Defendants at Tipsy Boar Gastropub in Hollywood, Florida during the five (5) years preceding this lawsuit, who were not paid the applicable reduced wage for certain hours worked pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

RULE 23 CLASS ALLEGATIONS

133.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Credit Class").

134.    The putative Tip Credit Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wage based upon the Defendants' failure to compensate Plaintiff and similarly situated Servers the applicable reduced wage required under Florida law for an employer to take a tip credit.

135.    *Numerosity:* Defendants employed in excess of 50 Servers in the class during the past five (5) years who were not paid the applicable reduced wage when Defendants attempted to take a tip credit under Florida law. Given Defendants' considerable size and the systematic nature

of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

136.    Plaintiff and the class members were subject to the same policies.

137.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following:

(a)    Whether Plaintiff and the Tip Credit Class were "employees" of Defendants;

(b)    Whether Plaintiff and the Tip Credit Class's hours were properly recorded;

(c)    Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Tip Credit Class under the FMWA by failing to compensate these employees the applicable reduced wage;

(d)    Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Credit Class the Florida minimum wages as required under Florida law;

(e)    Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)    The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Credit Class based upon Defendants' conduct.

138.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Credit Class.  Plaintiff's claims arise from the Defendants' company-wide policy of requiring all restaurant servers to perform work off-the-clock either before or after a shift which resulted in them not receiving the applicable Florida minimum wage.

139. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Credit Class. Plaintiff has no interest that might conflict with the interests of the Tip Credit Class. Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

140. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

141. Defendants have acted on grounds generally applicable to the Tip Credit Class, thereby making relief appropriate with respect to the Tip Credit Class as a whole. Prosecution of separate actions by individual members of the Tip Credit Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Credit Class that would establish incompatible standards of conduct for Defendants.

142. Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Credit Class.

143. Plaintiff and the Tip Credit Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendants based on Defendants' failure to compensate Plaintiff and the Tip Credit class members the applicable reduced wage when they took a tip credit.

144.    Plaintiff and the Tip Credit Class members were not paid proper Florida minimum wage for the hours worked.

145.    Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Credit Class members in accordance with the law.

146.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Tip Credit Class members exceeds 50 Servers.

147.    This action is intended to include each and every Server who worked at Defendants' restaurant in Hollywood, Florida, during the past five (5) years and was not compensated the applicable reduced wage when Defendants attempted to take a tip credit.

148.    During all material times hereto, Plaintiff and all Tip Credit Class members were non-exempt employees of Defendants.

149.    Plaintiff and the Tip Credit Class members performed work as servers which was an integral part of the business for Defendants.

150.    Defendants violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative Tip Credit Class members, at least Florida's minimum wage for all hours worked.

151.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked.

152.     Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

153.     More than fifteen (15) calendar days have passed since Defendants received the Florida Minimum Wage demand letter and Defendants have failed to tender full payment to compensate Plaintiff and the Tip Credit Class members for the Florida minimum wage damages owed.

154.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

155.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

156.     Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

157.     The relief sought is common to the entire class including, inter alia:

(a)      Payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110;

24

(b)     Payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations;

(c)     Payment by the Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

158.    Plaintiff and the Tip Credit Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

159.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, TIPSY JOE CORP., LUISA F. CASTELLANOS, and JOSE CASTELLANOS, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendants jointly and severally; (b) liquidated damages; (c) all reasonable attorney's fees and costs as permitted under Florida law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT IV - RULE 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS (OFF-THE-CLOCK CLASS)

160.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 100 as though set forth fully herein.

161.    Defendants violated the terms of the Florida Constitution's provision on minimum wages by not paying Plaintiff and putative Off-the-Clock Class members, at least Florida's applicable minimum wage for certain hours worked.

162.    Plaintiff and the Off-the-Clock Class members are entitled to receive at least Florida's minimum wage for certain hours worked.

163.    In 2017, the Florida Minimum Wage was $8.10 per hour.

164.    In 2018, the Florida Minimum Wage was $8.25 per hour.

165.    In 2019, the Florida Minimum Wage was $8.46 per hour.

166.    In 2020, the Florida Minimum Wage was $8.56 per hour.

167.    From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

168.    From October 1, 2021, through the present the Florida Minimum Wage is $10.00 per hour.

169.    Plaintiff and the proposed Off-the-Clock Class members were subjected to similar violations of the FMWA and Florida Constitution.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **All Servers who worked for Defendants at Tipsy Boar Gastropub in Hollywood, Florida during the five (5) years preceding this lawsuit, who were required to perform any work off-the-clock before or after their shift and who were not paid the full applicable minimum wage for this time pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

## RULE 23 CLASS ALLEGATIONS

170.    Plaintiff brings his FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Off-the-Clock Class").

171.    The putative Off-the-Clock Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wage based upon the Defendants' failure to compensate Plaintiff and similarly situated Servers the full Florida

minimum wage when they were required to perform work on the clock either before or after their shift.

172.    *Numerosity:* Defendants employed in excess of 50 Servers in the class during the past five (5) years who were not paid Florida minimum wage for off-the-clock work performed either before or after a shift. Given Defendants' considerable size and the systematic nature of its failure to comply with Florida law, the members of the Off-the-Clock Class are so numerous that joinder of all members is impractical.

173.    Plaintiff and the Off-the-Clock Class members were subject to the same policies.

174.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Off-the-Clock Class, including Plaintiff.  Such questions common to the Off-the-Clock Class include, but are not limited to the following:

(a)    Whether Plaintiff and the Off-the-Clock Class were "employees" of Defendants;

(b)    Whether Plaintiff and the Off-the-Clock Class's hours were properly recorded;

(c)    Whether Plaintiff and the Off-the-Clock Class were required to perform work without being clocked-in to a timekeeping system;

(d)    Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Off-the-Clock Class under the FMWA by failing to compensate these employees when work was performed off-the-clock at the restaurant;

(e)    Whether Defendants willfully or intentionally refused to pay Plaintiff and the Off-the-Clock Class the Florida minimum wages as required under Florida law;

(f)      Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(g)      The nature, extent, and measure of damages suffered by the Plaintiff and the Class based upon Defendants' conduct.

175.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Off-the-Clock Class. Plaintiff's claims arise from the Defendants' company-wide policy of requiring all restaurant servers to perform work off-the-clock either before or after a shift which resulted in them not receiving the applicable Florida minimum wage.

176.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Class. Plaintiff has no interest that might conflict with the interests of the Off-the-Clock Class.  Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

177.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

178.    Defendants have acted on grounds generally applicable to the Off-the-Clock Class, thereby making relief appropriate with respect to the Off-the-Clock Class as a whole.  Prosecution of separate actions by individual members of the Off-the-Clock Class would create the risk of

inconsistent or varying adjudications with respect to the individual members of the Off-the-Clock Class that would establish incompatible standards of conduct for Defendants.

179.     Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Off-the-Clock Class.

180.     Plaintiff and the class members performed the same job duties, as Servers, and were paid in an identical manner by Defendants based on Defendants' failure to compensate Plaintiff and the class members any wages when they performed work off-the-clock.

181.     Plaintiff and the Off-the-Clock Class members were not paid proper Florida minimum wage for the hours worked.

182.     Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

183.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Off-the-Clock Class members exceeds 50 Servers.

184.     This action is intended to include each and every Server who worked at Defendants' restaurant in Hollywood, Florida, during the past five (5) years and was required to perform any work off-the-clock.

185.     During all material times hereto, Plaintiff and all Off-the-Clock Class members were non-exempt employees of Defendants.

186.     Plaintiff and the Off-the-Clock Class members performed work as servers which was an integral part of the business for Defendants.

187.    Defendants violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative Off-the-Clock Class members, at least Florida's minimum wage for all hours worked.

188.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked.

189.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a Florida minimum wage demand letter as required by Florida law before this claim was filed.

190.    More than fifteen (15) calendar days have passed since Defendants received the Florida minimum wage demand letter Defendants have failed to tender full payment to compensate Plaintiff and the Off-the-Clock Class members for the Florida minimum wage damages owed.

191.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.  The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

192.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

193.    Furthermore, even if every member of the Off-the-Clock class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

194. The relief sought is common to the entire Off-the-Clock Class including, inter alia:

(a) Payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110;

(b) Payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations;

(c) Payment by the Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

(d) Plaintiff and the class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

(e) As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, TIPSY JOE CORP., LUISA F. CASTELLANOS, and JOSE CASTELLANOS, and award Plaintiff, and the putative Off-the-Clock Class: (a) unliquidated Florida minimum wage damages to be paid by Defendants jointly and severally; (b) liquidated damages; (c) all reasonable attorney's fees and costs as permitted under Florida law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

<u>**COUNT V – RULE 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS**</u>
<u>**(80/20 CLASS)**</u>

195.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 100 as though set forth fully herein.

196.    Plaintiff and the proposed 80/20 Class members were subjected to similar violations of the FMWA and Florida Constitution.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **All Servers who worked for Defendants at Tipsy Boar Gastropub in Hollywood, Florida during the five (5) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable Florida Minimum Wage pursuant to Fla. Const. Art. X 24(c) and/or F.S. 448.110.**

RULE 23 CLASS ALLEGATIONS

197.    Plaintiff brings his FMWA claim arising from the incidental side work duties as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

198.    During the past five (5) years, Defendants required Servers to spend more than 20% of their shifts performing non-tipped duties and responsibilities. As a result, Plaintiff, and all Servers employed by Defendants, have been denied Florida mandated minimum wage in one or more workweeks for time spent performing this "non-tipped" work.

199.    The 80/20 Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wage for the "non-tipped" work they performed.  Plaintiff and the 80/20 Class members performed the same job duties as Servers and

were paid in an identical manner by Defendants based on Defendants' failure to compensate Plaintiff and the 80/20 Class members applicable Florida Minimum Wages when more than 20% of their shifts consisted of "non-tipped" work.

200.    *Numerosity:* Defendants employed more than 50 Servers in the class during the past five (5) years who were not paid Florida minimum wage as a result of the Defendants requiring Plaintiff and the 80/20 Class members to spend more than 20% of their shift performing non-tipped duties and responsibilities. Given Defendants' size and the systematic nature of its failure to comply with Florida law, the members of the 80/20 Class are so numerous that joinder of all members is impractical.

201.    Plaintiff and the class members were subject to the same policies.

202.    *Commonality:* Common questions of law and fact exist as to all members of the 80/20 Class and predominate over any questions solely affecting any individual member of the 80/20 Class, including Plaintiff.  Such questions common to the 80/20 Class include, but are not limited to the following:

(a)     Whether Plaintiff and the 80/20 Class were "employees" of Defendants;

(b)     Whether Plaintiff and the 80/20 Class's hours were properly recorded;

(c)     Whether Defendants required Plaintiff and the 80/20 Class to spend more than 20% of their work shifts performing non-tipped duties and responsibilities;

(d)     Whether Defendants violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the Florida Minimum Wage Act by failing to compensate Servers the full Florida minimum wage when their non-tipped duties and work exceeded 20% of their entire shift;

(e)     Whether Defendants willfully or intentionally refused to pay Plaintiff and the 80/20 Class the Florida minimum wages as required under Florida law;

(f)     Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(g)     The nature, extent, and measure of damages suffered by the Plaintiff and the Class based upon Defendant's conduct.

203.   *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class.   Plaintiff's claims arise from the Defendants' company-wide policy of failing to pay applicable Florida minimum wage when Servers spent more than 20% of their shift performing non-tipped duties.   Plaintiff and the class members performed the same job duties, as Servers, and were paid in an identical manner by Defendants based on Defendant' failure to compensate Plaintiff and the class members when more than 20% of their shifts consisted of "non-tipped" work.

204.   *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class. Plaintiff has no interest that might conflict with the interests of the 80/20 Class.  Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

205.   Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

206.     Defendants have acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole. Prosecution of separate actions by individual members of the 80/20 Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendants.

207.     Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

208.     Defendants failed to keep accurate time and pay records for Plaintiff and all class members to designate how much time was spent performing "non-tipped" work.

209.     Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

210.     The precise size and identity of the 80/20 Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of 80/20 Class members exceeds 50 Servers.

211.     Plaintiff and the 80/20 Class members are entitled to receive at least Florida's minimum wage for each hour spent performing "non-tipped" incidental work when the "non-tipped" work exceeded 20% of their shift.

212.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked.

213.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a Florida minimum wage demand letter as required by Florida law before asserting this claim.

214.    More than fifteen (15) calendar days have passed since Defendants received the Florida minimum wage demand letter and no payment has been tendered by Defendants to compensate Plaintiff for the minimum wage damages owed.

215.    80/20 Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wage for the "non-tipped" work they performed and were subject to the same pay policies.

216.    Defendants were aware of the requirements of the FMWA and Fla. Const. Art. X Section 24, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

217.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

218.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

219.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the

litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

220.     The relief sought is common to the entire class including, inter alia:

(a)      Payment by the Defendants of actual damages caused by their failure to pay Florida minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110;

(b)      Payment by the Defendants of liquidated damages caused by their willful and/or intentional failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110;

(c)      Payment by the Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

221.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, TIPSY JOE CORP., LUISA F. CASTELLANOS, and JOSE CASTELLANOS, and award Plaintiff, and the putative Class: (a) unliquidated minimum wage damages to be paid by Defendants jointly and severally; (b) liquidated damages to be paid by Defendants jointly and severally; (c) all reasonable attorney's fees and costs as permitted under Florida law to be paid by Defendants jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT VI – FEDERAL OVERTIME LAW VIOLATIONS

222.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 100 as though set forth fully herein.

223.    Plaintiff alleges this claim pursuant to 29 U.S.C. § 207 and 29 U.S.C. § 216(b) of the FLSA to recover all overtime wages Defendants failed to pay him during the course of his employment.

224.    In one or more workweeks of his employment Plaintiff worked in excess of 40 hours per week but was not compensated at the rate of time-and-one-half his regular hourly rate for hours worked over 40 in a workweek.

225.    Defendants knew Plaintiff worked overtime hours, and knew, or should have known, of the requirements of the FLSA, and intentionally and/or willfully violated the law and Plaintiff is therefore entitled to recover liquidated, or double, damages.

226.    Plaintiff has been required to retain the undersigned counsel to enforce his rights under federal law and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, TIPSY JOE CORP., LUISA F. CASTELLANOS, and JOSE CASTELLANOS, and award Plaintiff: (a) unliquidated federal overtime wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and Class Members hereby demand trial by jury on all counts above.

**Dated this 5th of February 2022**.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 5, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: