**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-60278-CIV-ALTONAGA/Strauss**

**JOSHUA WINDHEIM**,

 Plaintiff,

v.

**TIPSY JOE CORP.**, *et al.*,

 Defendants.

_____/

**FINAL APPROVAL ORDER AND JUDGMENT**

 **THIS CAUSE** came before the Court for a hearing on January 20, 2023 on Plaintiff, Joshua Windheim's Unopposed Motion for Approval of Attorney's Fees and Reimbursement of Expenses [ECF No. 52] and Agreed Motion for Final Approval of Class Settlement [ECF No. 51], both filed on December 1, 2022.

 In evaluating the Motions, the Court considered the Stipulated Class Action Settlement Agreement contained within the Declaration of Jordan Richards [ECF No. 48-1] (the "Settlement Agreement"), dated August 1, 2022; the Court's Order [ECF No. 49] ("Preliminary Approval Order"), entered August 3, 2022, granting Plaintiff's Agreed Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure [ECF No. 48]; and the statements made at the Final Approval Hearing on January 20, 2023. Having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefor, it is

 **ORDERED AND ADJUDGED** that the Unopposed Motion for Approval of Attorney's Fees and Reimbursement of Expenses **[ECF No. 52]** and Agreed Motion for Final Approval of

CASE NO. 22-60278-CIV-ALTONAGA/Strauss

Class Settlement **[ECF No. 51]** are **GRANTED**. The Court further orders as follows:

1. Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment (the "Final Approval Order") shall have the same meaning as ascribed to them in the Settlement Agreement between Plaintiff, Joshua Windheim, for himself individually and on behalf of the Settlement Class, and Defendants, Tipsy Joe Corp., Luisa F. Castellanos, and Jose Castellanos. Plaintiff and Defendants are each referred to as a "Party" and are collectively referred to herein as the "Parties."

2. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by the Preliminary Approval Order entered August 3, 2022. At that time, the Court preliminarily certified a class of the following individuals:

   > All servers who worked at Tipsy Boar Gastropub in Hollywood, Florida between February 5, 2017 and August 2, 2022.
   >
   > Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded persons.

   Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies, for settlement purposes only, the Settlement Class.

4. The Court has read and considered the papers filed in support of this Motion for entry of the Final Approval Order, including the Settlement Agreement and Exhibits thereto and supporting declarations.

5. The Court held a Final Approval Hearing on January 20, 2023, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith, and is in the best interests of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by a neutral mediator, further support this finding.

7. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. The persons who are listed on Exhibit 1 to this Order have made timely and valid requests for exclusion and are excluded from the Settlement Class and are not bound by this Final Approval Order.

9. For settlement purposes only, the Court confirms the appointment of Plaintiff, Joshua Windheim, as Class Representative of the Settlement Class.

10. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> Jordan Richards
> Jordan Richards PLLC
> d/b/a USA Employment Lawyers
> 1800 SE 10th Ave. Suite 205
> Fort Lauderdale, Florida 33316
> Tel: (954) 871-0050
> jordan@jordanrichardspllc.com

11. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

12. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of

Federal Rule of Civil Procedure 23, applicable law, and the Due Process Clauses of the United States Constitution and Florida Constitution.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

14. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

15. In this Final Approval Order:

    a. "Released Claims" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Florida Minimum Wage Act or other state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the payment or non-payment of Florida minimum wages, including all claims that were brought or could have been brought in the Action, belonging to any and all Releasing Parties.

    b. "Released Parties" means Tipsy Joe Corp., Luisa F. Castellanos, and Jose Castellanos, and their past, present, and future, direct and indirect heirs, assigns,

    associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors and trustees.

  c. "Releasing Parties" means Plaintiff and any and all other Settlement Class Members and their respective past, present and future heirs, children, spouses, beneficiaries, conservators, executors, estates, administrators, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

16. Upon the Effective Date, the Releasing Parties shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged any and all Released Claims against the Released Parties, or any of them.

17. The Court further adjudges that, upon entry of this Final Approval Order, the Settlement Agreement and the above-described released of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $98,333.33 and reimbursable costs in the amount of $2,500.00. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

20. The Court approves the individual payment to Plaintiff, Joshua Windheim, in the amount of $12,500.00 (Twelve Thousand, Five Hundred Dollars) for consideration for the FLSA overtime claims alleged in this case and as consideration for a mutual general release, and specifically finds such amount to be reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. The Court approves the payment of $5,000.00 to Simpluris for settlement administration services, which shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. The Court approves payment of Settlement Payments to the eight Settlement Class Members with Approved Claims in the total amount of $5,037.60, which shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The remainder of the Settlement Fund, following payment of the amounts listed in this paragraph and in paragraphs 19, 20, and 21 above shall revert to Defendants in accordance with the terms of the Settlement Agreement.

23. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendants or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one

CASE NO. 22-60278-CIV-ALTONAGA/Strauss

way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendants.

24. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

25. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

26. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

**DONE AND ORDERED** in Miami, Florida, this 20th day of January, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

CASE NO. 22-60278-CIV-ALTONAGA/Strauss

## EXHIBIT 1

Individuals who have made timely and valid requests for exclusion from the Settlement Class and are not bound by this Final Approval Order in United States District Court, Southern District of Florida, Case No. 0:22-cv-60278:

Camila Arruda